UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

UNITED STATES OF AMERICA )
 )
v. ) Case No. 4:04-cr-15
 ) Judge Edgar
CONNIE RAY EDMISTON )

# MEMORANDUM AND ORDER

On June 15, 2005, this Court entered the judgment of conviction against defendant Connie Ray Edmiston. [Doc. No. 76]. Edmiston took a direct appeal. On June 27, 2006, the Court of Appeals for the Sixth Circuit affirmed the judgment and dismissed the appeal. [Doc. No. 88]. The Sixth Circuit issued a final mandate and Edmiston did not file a petition for writ of certiorari to the United States Supreme Court. Edmiston has exhausted his direct appeal.

On June 25, 2007, federal prisoner Edmiston filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255. [Doc. No. 89]. The § 2255 motion is pending before this Court and has been assigned Case Nos. 4:07-cv-39 / 4:04-cr-15.

On December 12, 2007, Edmiston filed several *pro se* documents in his criminal case which have been collectively docketed by the Clerk of Court as a notice of removal. [Doc. No. 100]. After reviewing these unusual documents, the Court concludes that they are a nullity, have no legal effect, and frivolous.

## I.  First Document:  Notice of Removal

The first document is captioned "Notice Of Removal; Pursuant to Title 28 section 1441(d)." Edmiston contends that he is a "foreign state" for purposes of effecting removal of his criminal case

1

pursuant to 28 U.S.C. § 1441(d). Edmiston states that he seeks to remove criminal Case No. 4:04-cr-15 "from the Title 28 section 460 Court - UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TENNESSEE, moving it into the Judicial - United States district court for the Eastern District of Tennessee - a Title 28 section 610 court, ie an Article III court." In an accompanying affidavit, Edmiston asserts that he is a "foreign state" pursuant to 28 U.S.C. §§ 1602 - 1611. As explained *infra* in Section II of this memorandum opinion and order, what Edmiston hopes to accomplish by this purported "removal" is to have his criminal case treated as an arbitration proceeding and obtain judicial review under 5 U.S.C. § 581(a).

The notice of removal is pure nonsense and nullity having no legal effect. The first sentence of 28 U.S.C. § 1441(d) provides that any civil action brought in a State court against a "foreign state," as that term is defined in 28 U.S.C. § 1603(a), may be removed by the foreign state to the United States District Court for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(d) clearly has no application whatsoever to Edmiston's criminal case. Section 1441(d) does not apply to federal criminal cases. Federal criminal cases cannot be removed under § 1441(d). Only civil actions initially brought against a foreign state in State court may be removed from State court to the appropriate federal district court by the defendant foreign state. The instant case involving Edmiston is a criminal case, not a civil case, which originated in this United States District Court. Edmiston's federal criminal case has never been in State court, consequently, it cannot possibly be removed from a State court to this federal district court pursuant to 28 U.S.C. § 1441(d).

Moreover, 28 U.S.C. § 1441(d) is not applicable because Edmiston is an individual citizen

2

of the United States. For purposes of the removal statute, 28 U.S.C. § 1441(d), Edmiston is not a "foreign state" as that term is defined in 28 U.S.C. § 1603(a). The references by Edmiston to 28 U.S.C. §§ 460 and 610 are a mystery, and Edmiston does not bother to explain how or why §§ 460 and 610 are supposed to have any impact on or application to his defective notice of removal in the instant criminal case.

In sum, the attempt by Edmiston to purportedly effect a "removal" of his criminal case pursuant to 28 U.S.C. § 1441(d) is frivolous and it is **DENIED**. A removal of criminal Case No. 4:04-cr-15 has not been properly or lawfully effected by Edmiston under 28 U.S.C. § 1441(d).

## II.     Second Document:  Notice of Judicial Review

The second document submitted by Edmiston is captioned "Notice of Judicial Review." The thrust of this document is that Edmiston purports to bring an "independent action for judicial review" of criminal Case No. 4:04-cr-15 pursuant to 5 U.S.C. § 581 on the frivolous theory that the criminal case is an arbitration proceeding and the judgment of conviction is an arbitration award.


5 U.S.C. § 581(a) provides that "any person adversely affected or aggrieved by an award made in an arbitration proceeding conducted under this subchapter may bring an action for [judicial] review of such award only pursuant to the provisions of" 9 U.S.C. §§ 9 - 13. Edmiston seeks to "remove" his criminal case under 28 U.S.C. § 1441(d) by falsely declaring himself to be a "foreign state" for the purpose of arguing that: (1) his criminal case is an arbitration proceeding and the criminal judgment of conviction is an arbitration award within the meaning and purview of 5 U.S.C. § 581(a); and (2) he is entitled to judicial review of the arbitration award, i.e. judicial review of the criminal judgment of conviction pursuant to 5 U.S.C. § 581(a) and 9 U.S.C. §§ 9 - 13.

3

In the notice of judicial review, Edmiston makes the following allegations. He alleges that he has been "adversely affected by an award made in an arbitration proceeding," i.e. he has been adversely affected by the judgment of conviction in his criminal proceeding. He contends that the arbitration award (judgment of conviction) was "procured by use of corruption, fraud, and undue means, as the record will reflect that the so called evidence ie (sic) drugs are missing, lost or destroyed" as stated by Assistant United States Attorney Perry Piper.

It is also alleged that "the [criminal] charges allege 50 grams of cocaine crack and the P.S.I. [presentence investigation report] states only 24.4 grams; pursuant to Title 9 section 10(a)(1)." It is further alleged that "pursuant to Title 9 section 10(a)(2) it is obvious that there was evident partiality and corruption of and by the arbitrators in the mere fact that they allowed the use of lost or missing evidence, even after Connie R. Edmiston objected on the record." Edmiston next contends that the "arbitrators are guilty of misconduct; pursuant to Title 9 section 10(a)93; as they refused to postpone and or hear the facts or evidence presented by" Edmiston "in showing cause that the record was false." Edmiston asserts that "this misconduct has prejudiced" Edmiston, "and the Arbitrators have exceeded their powers pursuant to Title 9 section 10(a)(4); as Connie R. Edmiston is a foreign state." Finally, Edmiston alleges that the courts and arbitrators have no jurisdiction over him because he is a "foreign state."

The Court concludes that the notice of judicial review is entirely frivolous, and it is a nullity having no legal effect or merit. Edmiston's request for judicial review of his criminal judgment of conviction pursuant to 5 U.S.C. § 581(a) and 9 U.S.C. §§ 9 - 13 is **DENIED.** 5 U.S.C. § 581(a) and 9 U.S.C. §§ 9 - 13 simply are not applicable to Edmiston's criminal case and judgment of conviction. Criminal Case No. 4:04-cr-15 is not an arbitration proceeding and the judgment of

4

conviction is not an arbitration award within the purview of 5 U.S.C. § 581(a). There were no arbitrators in the criminal case. The undersigned United States District Judge – not an arbitrator – presided over the adjudication of the criminal case against Edmiston and rendered the judgment of conviction.

The only avenue open to federal prisoner Edmiston to seek collateral post-conviction relief and judicial review concerning the judgment of conviction is under 28 U.S.C. § 2255. He is not entitled to any judicial review of the judgment of conviction pursuant to 5 U.S.C. § 581(a) and 9 U.S.C. §§ 9 - 13 predicated on the frivolous and absurd theory that criminal Case No. 4:04-cr-15 is somehow an arbitration proceeding and the judgment of conviction is somehow an arbitration award. Federal criminal cases are not arbitration proceedings.

Moreover, as discussed *supra*, Edmiston is not a "foreign state." The Court completely rejects Edmiston's frivolous argument that the federal courts lack jurisdiction over him because he falsely claims to be a "foreign state." This Court has at all relevant times had and properly exercised jurisdiction over Edmiston during the criminal proceedings.

### III.     Third Document: Notice / Motion of Dismissal and Application for Vacation of Arbitration

The third document submitted by Edmiston is captioned "Notice / motion of Dismissal Application for Vacation of Arbitration." In this document, Edmiston again asserts that he is a "foreign state" and his is the "aggrieved person in arbitration – alternative dispute resolution case No. 4:04-CR-15." Edmiston contends that the purported arbitration award (judgment of conviction) is a nullity and void. He moves to vacate the purported arbitration award (judgment of conviction) and to dismiss the purported arbitration proceeding (criminal Case No. 4:04-cr-15). He also refers

5

to the notice of removal pursuant to 28 U.S.C. § 1441(d).

For the same reasons discussed *supra*, the Court likewise concludes that the notice / motion of dismissal and application to vacate arbitration is entirely frivolous, and it is a nullity having no legal effect. To keep the record straight, Edmiston's motion or application to vacate the purported arbitration award (judgment of conviction), and the motion to dismiss the purported arbitration proceeding (criminal Case No. 4:04-cr-15) are **DENIED**. Criminal case 4:04-cr15 is not an arbitration proceedings and the judgment of conviction is not an arbitration award. Edmiston has no right to obtain any post-judgment judicial review in criminal Case 4:04-cr15 and the judgment of conviction pursuant to the defective, frivolous notice of removal brought under 28 U.S.C. § 1441(d), and under 5 U.S.C. § 581(a) and 9 U.S.C. §§ 9 - 13. This Court has no authority under 28 U.S.C. § 1441(d), 5 U.S.C. § 581(a), and 9 U.S.C. §§ 9 - 13 to engage in any post-judgment judicial review of criminal Case 4:04-cr15, and to vacate the judgment of conviction or dismiss the criminal case against Edmiston. All arguments by Edmiston to the contrary are frivolous.

However, the Court observes that federal prisoner Edmiston may seek relief from the judgment of conviction under 28 U.S.C. § 2255.

**IV.     Fourth Document:  Notice of Counterclaim**

The fourth document submitted by Edmiston is captioned "Notice of Counter Claim." Edmiston asserts that he is pleading a civil counterclaim against the United States of America and he claims damages in the amount of $50,000,000. Edmiston alleges that he is aggrieved and has suffered damages based on his claims and civil tort theories of false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, as well as "enticement into jurisdiction," and fraud.

The Court concludes that the purported "counterclaim" has no legal effect in this criminal proceeding, and it is a nullity. Edmiston cannot file a civil counterclaim against the United States government in criminal Case No. 4:04-cr-15 and the 28 U.S.C. § 2255 proceeding demanding money damages based on civil theories of tort liability. The applicable federal law and the Federal Rules of Criminal Procedure do not allow criminal defendants to file civil counterclaims in criminal cases. This Court cannot and does not recognize any such civil counterclaim in Edmiston's criminal case and 28 U.S.C. § 2255 proceeding.

Accordingly, the purported counterclaim is **DENIED and DISMISSED**. The Court **STRIKES** the counterclaim from the record.

SO ORDERED.

ENTER this 29th day of January, 2008.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE